IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**DARRELL E. SMITH,**

       **Petitioner,**

v.                                                     **Case No. 2:14-cv-18928**

**PATRICK A. MIRANDY, Warden,**
St. Mary's Correctional Center,

       **Respondent.**

### MEMORANDUM OPINION AND ORDER

On June 20, 2014, the Clerk's Office received a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), filed by Darrell E. Smith. This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the Court are two motions:

    1.     Petitioner's Motion for the Appointment of Counsel, (ECF No. 12); and

    2.     Respondent's Motion to Substitute Respondent. (ECF No. 15).

For the reasons that follow, the undersigned **DENIES** Petitioner's Motion for the Appointment of Counsel and **GRANTS** Respondent's Motion to Substitute Respondent. In addition, the Court issues a briefing schedule on the Application for a Writ of Habeas Corpus.

1

### 1. Appointment of Counsel

Petitioner moves for the appointment of counsel on the grounds that he is elderly, has Parkinson's disease and other illnesses, and requires assistance in drafting a memorandum in support of his section 2254 application. (ECF No. 12). The law is well-settled that a habeas petitioner has no constitutional right to counsel. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 935 (1990). The Criminal Justice Act, 18 U.S.C. § 3006A, authorizes the United States District Court to appoint counsel to represent financially eligible individuals in actions brought pursuant to 28 U.S.C. § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). An analogous standard is set forth in 28 U.S.C. § 1915(e)(1), which governs the appointment of counsel for indigent litigants in civil actions. In both cases, the matter is left to the sound discretion of the court. As a general rule, habeas petitioners and indigent civil litigants are only provided counsel in "exceptional circumstances." *See, e.g., Rice v. Riley,* No. 4:13–3049–TMC, 2014 WL 5524461, at *1 (D.S.C. Oct. 31, 2014). When determining whether to appoint counsel, the court should consider several factors, including (1) the type and complexity of the case; (2) the ability of the petitioner to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g., Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989)); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). According to the Eighth Circuit Court of Appeals:

> The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. The appointment of counsel is discretionary when no evidentiary hearing is necessary. In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.

*Hoggard,* 29 F.3d at 471.

In this case, Petitioner has previously filed a direct appeal and four separate State habeas petitions stemming from his 2008 conviction and sentencing on seven counts of Sexual Abuse. Accordingly, the issues raised by Petitioner have been well-briefed in the past and can be adequately presented through submission of the State court record. Moreover, the grounds asserted by Petitioner are unlikely to merit an evidentiary hearing before this Court. Therefore, as Petitioner fails to demonstrate exceptional circumstances that justify the appointment of counsel, his motion must be denied.

### 2. Motion to Substitute Respondent

Respondent, David Ballard, has moved to substitute Patrick A. Mirandy as the Respondent in this action. Petitioner was an inmate at the Mount Olive Correctional Complex when he filed his section 2254 application, naming David Ballard, warden of that correctional facility, as the Respondent. (See ECF No. 11 at 1, n. 1). Petitioner was subsequently transferred and is currently an inmate at the St. Mary's Correctional Center. As such, under Rule 2(a) of the Rules Governing Section 2254 Cases, the correct Respondent is now Patrick A. Mirandy, Warden of St. Mary's Correctional Center. Consequently, Respondent's motion is granted.

## ORDER REGARDING BRIEFING SCHEDULE

Along with his habeas application, Petitioner filed a motion for equitable tolling and for an extension of time to file a memorandum in support of his petition for habeas relief. (ECF No. 2). Petitioner provided a partial timeline of his post-conviction filings in State court, indicating that he believed he had timely filed his federal petition, but explaining that due to his advanced age (67 years old) and poor physical condition, the overcrowding in the prison system, and his lack of legal expertise, he was unable to submit a memorandum of law in support of his petition prior to expiration of the AEDPA time limitation. Therefore, the undersigned granted Petitioner forty-five days in which to file a memorandum of law. (ECF No. 8). On September 2, 2014, Petitioner moved for an enlargement of time, (ECF No. 10), and was given until October 10, 2014 to file his memorandum. (ECF No. 11). Two days before the deadline, Petitioner moved for the appointment of counsel, arguing that he was "an old man with parkenson [sic] disease along with other illnesses," and he was unable to perfect his memorandum. (ECF No. 12). In view of Petitioner's difficulties, and given the unresolved issues of timeliness and exhaustion, the Court ordered Respondent to file a memorandum responding to Petitioner's motion for equitable tolling and addressing exhaustion. Petitioner was given an indefinite extension of time to file his memorandum. (ECF No. 13).

On November 6, 2014, Respondent filed a response, which addresses both the timeliness and exhaustion requirements accompanying Petitioner's habeas petition, and provides the Court with relevant state-court documents. (ECF Nos. 16, 16-1). Of particular note, Respondent concedes that Petitioner filed his federal petition for a writ of habeas corpus in a timely manner. (ECF No. 16). According to

Respondent, at the time the federal petition was filed, 196 days of the 365-day limitation period had run, leaving 169 days under the AEDPA. (*Id.*). Considering this concession, Petitioner's section 2254 application was timely filed; therefore, his motion for equitable tolling is moot and is **DENIED**.

On the issue of exhaustion, however, Respondent contends that Petitioner's section 2254 application is a "mixed petition," containing both exhausted and unexhausted claims. Specifically, Respondent argues that while the first eight of the ten grounds asserted by Petitioner have been exhausted in State court, the last two grounds raised in the federal petition have not been exhausted. (ECF No. 16 at 3-4). Respondent alleges that the only time Petitioner presented the ninth ground in State court was in a motion for new trial, and he never asserted the tenth ground in any State proceeding. (*Id.*).

In his section 2254 application, Petitioner lists as his ninth ground: "The Court erred by not granting a mistrial when [an alleged victim] testified about counts in the indictment that had been dismissed." (ECF No. 1 at 13). When asked in the application if he appealed the judgment and raised this ground, Petitioner answered in the affirmative. (*Id.*). When asked whether he raised the issue through a post-conviction motion, Petitioner indicated that the issue was presented through a motion for a new trial that was "Not Adjudicated." (*Id.*). He admitted that no other collateral remedy was pursued. (*Id.* at 13-14). Clearly, if Petitioner did not present the federal constitutional issue in his direct appeal, ground nine is not exhausted, because an unadjudicated motion for a new trial does not constitute "one full opportunity" to resolve the issue.

5

In *State v. Smith*, 696 S.E.2d 8 (W.Va. 2010), the WVSCA upheld Petitioner's conviction and sentence on direct appeal, addressing two specific errors raised by Petitioner. Contrary to Respondent's representation, Petitioner explicitly argued on appeal that the trial court erred by not declaring a mistrial after one of the alleged victims testified that Petitioner had molested her youngest sister although all charges related to that sister had been dismissed prior to trial. *Id.* at 16-17. Petitioner maintained that the improper admission of this evidence violated Rule 404(b) of the West Virginia Rules of Evidence and deprived him of a fair trial by influencing the jury's credibility assessments of the witnesses, and thus "foreclos[ing] the possibility of acquittal just moments after the State's case-in-chief began." *Id.* at 17. The WVSCA considered Petitioner's position, noting that he had specifically declined a curative instruction at the end of the trial. The WVSCA added "[t]he determination of whether 'manifest necessity' that will justify ordering a mistrial ... exists is a matter within the discretion of the trial court, to be exercised according to the particular circumstances of each case." *Id.* at 716, 18 *(citing* Syllabus Point 3, *Porter v. Ferguson,* 324 S.E.2d 397 (W.Va. 1984)). Finding no abuse of discretion by the trial court, and no prosecutorial overreaching, the WVSCA rejected Petitioner's argument.

While it is not entirely clear whether Petitioner asserted federal constitutional violations as a basis for his direct appeal of the trial court's refusal to grant a mistrial, even if he failed to do so, ground nine of his section 2254 application may be exhausted if Petitioner currently has no available State court remedy. Stated simply, if West Virginia law now bars review of the constitutional implications associated with the refusal of a mistrial, exhaustion is technically met.

6

*Hedrick v. True,* 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland,* 518 U.S. 152, 161–62 (1996)). Instead, Petitioner would have the burden of showing either cause for the default and resulting prejudice, or actual innocence. *Teleguz v. Pearson,* 689 F.3d 322, 327-28 (4th Cir. 2012). The undersigned is unable to fully assess the exhaustion and procedural default arguments given the fundamentally incorrect and inadequate information provided by Respondent regarding Petitioner's assertion of the mistrial issue on appeal.

For the tenth ground given in support of his federal habeas application, Petitioner asserts "Actual Innocence." (ECF No. 1 at 14). Free-standing claims of "actual innocence" are usually not recognized in federal habeas actions.[1] *Herrera v. Collins,* 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) ("A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *Schlup v. Delo,* 513 U.S. 298, 314-15, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Consequently, if Petitioner is raising actual innocence as a gateway through which to present the procedurally defaulted claim of trial court error, then the exhaustion requirement is inapplicable to that claim. On the other hand, to the extent Petitioner raises a free-standing claim of actual innocence, such

---

[1] In *Teleguz*, 689 F.3d at 328, the Fourth Circuit Court of Appeals explained:

> A petitioner may also raise a freestanding innocence claim in a federal habeas petition, alleging that, irrespective of any procedural errors, petitioner is innocent, and that "**the execution of an innocent person would violate the Eighth Amendment.**" *Schlup,* 513 U.S. at 314, 115 S.Ct. 851. The Supreme Court has not articulated the standard under which these claims should be evaluated, but has made clear that the "threshold for any hypothetical freestanding innocence claims [is] 'extraordinarily high.' " *House,* 547 U.S. at 555, 126 S.Ct. 2064 (quoting *Herrera v. Collins,* 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)).

(emphasis added).

a claim has not been recognized by the United States Supreme Court outside of the capital context and thus is subject to dismissal on the merits regardless of exhaustion. 28 U.S.C. § 2254(b)(2); *see also White v. Keller*, No. 1:10-CV-841, 2013 WL 791008, at *5 (M.D.N.C. Mar. 4, 2013). In either case, exhaustion of ground ten is not essential to proceed with a review of the remaining application on its merits.

Therefore, having thoroughly considered the outstanding issues and taking into account the amount of time that has elapsed since the filing of the section 2254 application, the Court **ORDERS** the following:

1. Respondent shall have **sixty (60) days** from the date of this Order to answer the Application for a Writ of Habeas Corpus, showing cause, if he has any, why the relief sought by Petitioner should not be granted. The answer should, insofar as possible, respond to all of the grounds raised in the Application and **shall include** any available court or other records that would facilitate determination of the issues. In particular, to the extent not already provided, Respondent shall supply (i) transcripts of proceedings before any State court; (ii) all appellate briefs; and (iii) any non-duplicative briefing and all court orders entered in the State habeas proceedings.

2. Petitioner shall have **sixty (60) days** after receipt of Respondent's answer to file a reply memorandum and supplemental materials. Petitioner should bear in mind that to successfully overcome a procedural default with a claim of actual innocence, he "must offer 'new reliable evidence … that was not presented at trial.'" *Royal v. Taylor,* 188 F.3d 239, 244 (4th Cir. 1999) (quoting *Schlup,* 513 U.S. at 324) (New reliable evidence includes "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.").

The Clerk is instructed to provide a copy of this Order to Petitioner and counsel of record.

**ENTERED**: March 25, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge